[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12590
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81258-DMM


LINDA CAMBERDELLA, as Personal Representative of the Estate of Michael Camberdella, IRVING CAMBERDELLA, as Guardians and Natural Parents of N.C., a minor,

                                                          Plaintiffs-Appellees,

versus

WILLIAM GOLDSTEIN, in his individual capacity,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal by Deputy William Goldstein of the Palm Beach County Sheriff's Office.  Appellees Linda Camberdella, as personal representative of the estate of Michael Camberdella, and Linda and Irving Camberdella, as guardians and natural parents of N.C., a minor, claim that Deputy Goldstein deprived 18-year-old Michael Camberdella (Michael) of his Fourth and Fourteenth Amendment rights when Deputy Goldstein shot and killed Michael while responding to a 911 call.  Deputy Goldstein argues that the district court erred when it denied his motion for summary judgement on the basis that Deputy Goldstein was not entitled to qualified immunity under 42 U.S.C. § 1983.  After review, we affirm.[1]

The district court held that Deputy Goldstein is not entitled to summary judgment on qualified immunity grounds because a reasonable jury could find that Deputy Goldstein violated a clearly established constitutional right when he shot and killed Michael.  *See Perez v. Suszczynski*, 809 F.3d 1213, 1218 (11th Cir. 2016) ("[T]he [plaintiff] must establish that [the defendant] is not entitled to qualified immunity by showing that the facts alleged make out a violation of a constitutional right and that the constitutional right was clearly established at the time of [the defendant's] conduct.).  Drawing all reasonable inferences in favor of the plaintiffs, *see id.* at 1217 ("At [summary judgment], we view all evidence and

---

[1] Appellant William Goldstein's Amended Motion for Leave to File Second Amended Reply Brief Based On Appellee's Filing of an Amended Answer Brief is GRANTED.

factual inferences in the light most favorable to the non-moving party . . . ."), the district court found sufficient evidence to support the conclusion that Deputy Goldstein shot Michael when Michael was neither resisting nor fleeing and no longer posed a risk of harm to Deputy Goldstein or the public, *see Morton v. Kirkwood*, 707 F.3d 1276, 1281 (11th Cir. 2013) (recognizing that deadly force is reasonable when an officer "has probable cause to believe that the suspect poses a threat of serious physical harm" and "reasonably believes that the use of deadly force was necessary to prevent escape" (quotation marks omitted)).  The district court also found sufficient evidence that Deputy Goldstein used lethal force without first warning Michael or attempt to subdue him using nonlethal means. *See id.* (explaining that peace officers should "give[] some warning about the possible use of deadly force, if feasible").  The district court therefore concluded that there was a genuine issue of material fact as to whether the use of lethal force was "objectively reasonable" under the circumstances.  *See Graham v. Connor*, 490 U.S. 386, 397(1989) (explaining that the Fourth Amendment prohibits the use of deadly force when the use of deadly force is not "objectively reasonable" under the circumstances).

Deputy Goldstein argues that the district court erred in finding sufficient evidence to support the conclusion that Deputy Goldstein shot Michael when Michael was neither resisting nor fleeing and no longer posed a risk of harm.  He

contends that we are required to reweigh the facts of this case under *Scott v. Harris*, 550 U.S. 372 (2007), and that when we do we will conclude that Michael resisted arrest and posed a "threat of serious physical harm" to Deputy Goldstein and the public.  *See Morton*, 707 F.3d at 1281.  But this is not a case in which the facts found by the district court are "blatantly contradicted by the record, so that no reasonable jury could believe [them]."[2]  *Scott*, 550 U.S. at 380.  To the extent that we might otherwise have discretion to reweigh the facts of this case, we decline to do so.  *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996) ("[W]e have discretion to accept the district court's findings, if they are adequate. . . . But we are not required to accept them.").  Deputy Goldstein has waived all other arguments that he is entitled to immunity, including any arguments that he is entitled to immunity under the facts as found by the district court.  We therefore affirm.

**AFFIRMED.**

---

[2] The district court relied primarily on testimony by Linda Camberdella, who was outside the Camberdella house and witnessed the shooting. As the court observed, however, there were at least four different accounts of the events at issue:  Two by Deputy Goldstein, one by a neighbor who witnessed the shooting, one by the Sheriff's department at a press conference, and another by the Camberdella family.